# United States Court of Appeals

## For the Eighth Circuit

_____

No. 11-3405

_____

Steve Buchanan

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: December 12, 2012
Filed: April 8, 2013

_____

Before LOKEN, MELLOY, and COLLOTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Steve Buchanan filed a motion for post-conviction relief under 28 U.SC. § 2255, alleging his trial counsel provided constitutionally ineffective assistance of counsel. The district court[1] denied Buchanan's motion. We affirm.

---

[1] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

I.

In November 2007, Buchanan was charged with attempting to manufacture methamphetamine on or about February 2006. Buchanan's jury trial began on July 8, 2008. During trial, the prosecution introduced evidence that Buchanan had access to, used, and knew how to manufacture methamphetamine in 2005 and that two women had purchased pseudoephedrine for Buchanan to use to manufacture methamphetamine (collectively, "the 2005 evidence"). On July 9, 2008, the jury found Buchanan guilty.

Following unsuccessful direct appeal, Buchanan filed a § 2255 motion in December 2010, alleging his trial counsel was deficient for failing to object to the 2005 evidence as improper evidence of prior bad acts under Federal Rule of Evidence 404(b).[2] After an evidentiary hearing, the district court denied relief. The district court found that the 2005 evidence did not fall within Rule 404(b) and that Buchanan's actions in 2005 were sufficiently close in time to the charged conduct to be relevant and admissible under Federal Rules of Evidence 402 and 403. Buchanan timely appealed.

II.

"We review ineffective-assistance issues *de novo* and the district court's findings of predicate facts for clear error." Rodela-Aguilar v. United States, 596 F.3d 457, 461 (8th Cir. 2010). To succeed on a claim of ineffective assistance of counsel, a defendant must show (1) trial counsel was deficient and (2) the defense was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984). "A court 'must indulge a strong presumption that counsel's conduct falls within the wide range

---

[2] Buchanan raised additional claims in the district court which he does not raise on appeal.

of reasonable professional assistance.'" Rodela-Aguilar, 596 F.3d at 461 (quoting Strickland, 466 U.S. at 689).

The district court held "Buchanan's use of methamphetamine in 2005, knowledge of the process of manufacturing methamphetamine in 2005, and procurement of the ingredients necessary to manufacture methamphetamine explains the circumstances of the indicted charge of attempting to manufacture methamphetamine in February of 2006." We agree. "Our cases have firmly established that crimes or acts which are 'inextricably intertwined' with the charged crime are not extrinsic and Rule 404(b) does not apply."[3] United States v. O'Dell, 204 F.3d 829, 833–34 (8th Cir. 2000). The 2005 evidence was sufficiently close in time and related to the February 2006 "conduct that [wa]s charged in the instant indictment and, therefore, [wa]s not 404(b) evidence." United States v. Karam, 37 F.3d 1280, 1288 (8th Cir. 1994); see also United States v. Ruiz-Chavez, 612 F.3d 983, 988 (8th Cir. 2010) (evidence not 404(b) evidence where it "completes the story or provides a total picture of the charged crime") (quoting United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006). Since the 2005 evidence was not Rule 404(b) evidence, we cannot say Buchanan's trial counsel rendered constitutionally defective assistance by failing to object to the 2005 evidence on Rule 404(b) grounds.

### III.

For the reasons above, we affirm the judgment of the district court.

_____

_____

[3] Buchanan asks us to reject or modify the "inextricably intertwined" test. That test is well-established in our circuit, and "[i]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002).